UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RON SLYKER,

    Plaintiff,

v.                                           Case No.: _____

FLEXNET NETWORKS, LLC,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Ron Slyker, by and through his undersigned counsel, sues Defendant, FlexNet Networks, LLC; and alleges:

### JURISDICTION, PARTIES AND VENUE

1. This is an action for violation of the overtime and minimum wage provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*; The Florida Constitution; and The Florida Minimum Wage Act, Florida Statutes § 448.110 *et seq.*, as well as for unpaid wages under state law.

2. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

3. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 as the acts giving rise to the cause of action occurred in Pasco County, Florida. Pursuant to Middle District Local Rule 1.02(c), venue is proper in the Tampa Division of the Middle District of Florida because the acts giving rise to this claim occurred in one of the counties of which the Tampa Division is comprised, as set forth in local Rule 1.02(b)(4). Plaintiff also resides in Pasco County, Florida.

4. Defendant engages in substantial and not isolated economic activity in the State of Florida and has committed acts in violation of the Plaintiff's rights under federal and state law in the State of Florida. This Court has personal jurisdiction over the Defendant.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367(a), as they form part of the same case or controversy and arise out of a common nucleus of operative facts as his federal claims.

6. At all times material to this action, Plaintiff was a citizen of the United States and a domiciliary of the State of Florida.

7. Defendant, FlexNet Networks, LLC ("FlexNet"), is a Texas limited liability company, with its principal place of business at 1031 Andrews Hwy, Suite 302, Midland, Texas 79701. FlexNet is not licensed to do business in the State of Florida. Nonetheless it has actually operated and hired employees to work for it in the State of Florida and holds itself out as operating its business in the State of Florida.

8. FlexNet hired Plaintiff to provide IT services for its clients.

9. Defendant routinely required Plaintiff to work on evenings and weekends in addition to the work hours during the week.

10. Because of these extra hours, Plaintiff routinely worked over 40 hours each work for Defendant.

11. Despite Plaintiff's requests, Defendant failed to pay Plaintiff overtime for those hours worked in excess of 40 during each work week.

12. Plaintiff was terminated by Defendant on or about September 2020. Plaintiff was due his final paycheck on October 2, 2020. To date, Plaintiff has not received this payment.

13. During his employment, Plaintiff periodically demanded Defendants pay Plaintiff the compensation which Plaintiff is entitled.

14. Despite Plaintiff's demand, Defendants have failed to pay Plaintiff any compensation for the work completed by Plaintiff.

15. The failure to timely pay Plaintiff's wages in full has resulted in Defendants' failure to pay the minimum wage requirements of the FLSA, 29 U.S.C. §§ 206 and 216(b).

16. Defendants are prohibited by law from withholding payment of a minimum wage to Plaintiff and have clearly violated federal law in failing to timely make free and clear payment of minimum wages to Plaintiff when due.

17. Plaintiff has engaged the undersigned attorneys to prosecute this action on his behalf and is obligated to pay them a reasonable fee.

18. All conditions precedent to this suit have been performed, have occurred, or have otherwise been satisfies or waived.

## **COUNT I – FLSA**

19. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-18 above as if fully set herein.

20. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of § 7 of the FLSA.

21. At all times material to this action Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

22. Defendant was, and continue to be, an "employer" within the meaning of the FLSA.

23. At all times material to this action, Defendant was, and continued to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

24. Defendant's annual gross revenue was in excess of $500,000.00 per annum during the relevant time periods.

25. At all times material to this action, Defendant had two or more employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce.

26. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

27. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

28. Plaintiff is entitled to payment of his wages.

29. Defendant failed to pay Plaintiff a minimum wage as required by the FLSA.

30. Defendant failed to pay Plaintiff overtime wages as required by the FLSA.

31. Pursuant to the FLSA, Plaintiff is entitled to recover his reasonable attorneys' fees incurred in connection with this action.

32. Defendants did not and have not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff

33. These practices violate the provisions of the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. As a result of these unlawful practices, Plaintiff suffered a loss of wages.

34. Defendant showed reckless disregard for the fact that its failure to pay Plaintiff the compensation due was in violation of the law.

WHEREFORE Plaintiff demands judgment against Defendant for compensatory and liquidated damages to be determined, together with Plaintiff's attorneys' fees, costs, prejudgment interest, and such further relief as this Court deems proper.

## COUNT II – FLORIDA MINIMUM WAGE ACT

35. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-18 above as if fully set herein.

36. The Florida Constitution provides that, "All working Floridians are entitled to be paid a minimum wage . . . ." Fla. Const., Art. X, §24(a).

37. Defendant agreed to pay Plaintiff compensation for the work he completed on behalf of Defendants.

38. Despite demand, Defendant has failed to pay Plaintiff for the work he has completed.

39. Defendant owes Plaintiff unpaid wages earned during his employment.

40. Defendant owes Plaintiff overtime wages earned during his employment.

41. Pursuant to Section 448.08 of the Florida Statutes, Plaintiff is entitled to costs of the action and a reasonable attorney's fee.

42. Defendant willfully and intentionally refused to pay Plaintiff even a minimum wage for all the hours that he worked during the relevant time period.

43. Defendant willfully and intentionally refused to pay Plaintiff overtime wages for all the hours that he worked in excess of 40 hours per week during the relevant time period.

44. Defendant knew from prior experience or recklessly failed to investigate whether its failure to pay Plaintiff a minimum wage for each of the hours he worked during the relevant time period violated the Florida Minimum Wage Act and then failed to timely correct their violation.

45. Defendant knew from prior experience or recklessly failed to investigate whether its failure to pay Plaintiff overtime wages for each of the hours he worked in excess of 40 hours

per week during the relevant time period violated the Florida Minimum Wage Act and then failed to timely correct their violation.

WHEREFORE Plaintiff demands judgment against Defendants, for compensatory and liquidated damages to be determined, together with Plaintiff's attorneys' fees, costs, prejudgment interest, and such further relief as this Court deems proper.

Respectfully submitted this 6th day of October, 2020.

**WEBER, CRABB & WEIN, P.A.**

  /s/ Jeremy D. Bailie
Jeremy B. Bailie, Esq. FBN: 118558
Jeremy.Bailie@webercrabb.com
Secondary lisa.willis@webercrabb.com
Weber, Crabb & Wein, P.A.
5453 Central Avenue
St. Petersburg, FL  33710
(t): 727-828-9919
(f): 727-828-9924
Attorneys for Plaintiff